HOLLEY & MENKER, P.A.
Ryan S. Hilbert (Bar No. CA 210549)
60 Ocean Boulevard, Suite 3
Atlantic Beach, Florida 32233
Telephone: (904) 247-2620
Facsimile: (202) 280-1177

HOLLEY & MENKER, P.A.
Andrew M. Smith (Bar No. CA 260671)
80 Liberty Ship Way, Suite 7
Sausalito, California 94965
Telephone: (720) 289-2300
Facsimile: (415) 480-3255

*Attorneys for Plaintiff,*
SOLO GROUP MANAGEMENT, INC. DBA MONELLO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO GROUP MANAGEMENT, INC. dba MONELLO, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JESTER CONCEPTS, LLC, a Minnesota limited liability company, and 201 SOUTH ELEVENTH, LLC, a Minnesota limited liability company,<br><br>Defendants. | Case No.: **'15CV2629 BTM NLS**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, BREACH OF CONTRACT, UNFAIR COMPETITION AND UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SOLO GROUP MANAGEMENT, INC. DBA MONELLO ("Plaintiff"), for its Complaint against JESTER CONCEPTS, LLC ("Jester Concepts") and 201 SOUTH ELEVENTH, LLC ("201 South Eleventh") (collectively, "Defendants") states and alleges as follows:

## **THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

2. On information and belief, Defendant Jester Concepts is a limited liability

company existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.

3. On information and belief, Defendant 201 South Eleventh is a limited liability company existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.

4. On information and belief, there exists, and at all times relevant hereto, there existed, a unity of ownership and/or interest between Defendant Jester Concepts and Defendant 201 South Eleventh.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement, false designation of origin, breach of contract, unfair competition and unjust enrichment related to Defendants' improper use of Plaintiff's registered MONELLO® mark.

6. This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

7. Venue in this Court is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

8. This Court has personal jurisdiction over Defendants. On information and belief, Defendants advertise their services throughout the United States, including in California, and specifically in this Judicial District. On information and belief, Defendants also maintain a website at www.monellompls.com, which can be and is accessed by consumers in this District. On information and belief, consumers in this District can make and have made reservations at Defendants' restaurant indirectly through Defendants' website and/or directly through the use of the online reservation system at www.opentable.com. On information and belief, Defendants also maintain a strong social media presence, including a Facebook page (www.facebook.com/monellompls/), a Twitter account (twitter.com/monellompls), and an

Instagram account (instagram.com/monellompls/), all of which can be accessed and viewed by consumers in this District.

## GENERAL ALLEGATIONS

*Plaintiff and its Federally Registered MONELLO® Mark*

9. Plaintiff is a well-known restaurant group in San Diego, California that owns and operates restaurants specializing in traditional Italian cuisine. Among the restaurants owned and operated by Plaintiff is the enormously popular Italian restaurant called MONELLO, which is located in the Little Italy neighborhood of downtown San Diego, California. Over the years, Plaintiff's MONELLO restaurant has won numerous awards and has been the subject of numerous articles.

10. Plaintiff has used and been identified by the trade name and service mark MONELLO® since Plaintiff's MONELLO restaurant first opened in 2012. Plaintiff has continuously and extensively used its MONELLO® mark and associated designs as part of its award-winning restaurant services since that time, and also in conjunction with branded vermouth and similarly inspired cocktails. One of the best known offerings at Plaintiff's MONELLO® restaurant is a homemade vermouth drink, which comes from a secret 27-ingredient recipe.

11. Plaintiff is the owner of U.S. Trademark Reg. No. 4,348,141 for the mark MONELLO® for "restaurant services; take-out restaurant services" in International Class 43. This registration is valid, subsisting, and in full force and effect. A copy of the certificate of registration for Plaintiff's MONELLO® mark is attached hereto as Exhibit A.

12. Plaintiff's federal registration for MONELLO® provides benefits such as a statutory presumption of validity and ownership, and an exclusive right to use the registered mark. Plaintiff's federal registration for MONELLO® also serves as constructive nationwide notice of a claim of ownership.

13. Plaintiff has invested a considerable amount of time and money in establishing the MONELLO® mark in the minds of consumers as the source of high quality restaurant services.

14. As a result of Plaintiff's extensive and continuous use of the MONELLO® mark in connection with restaurant-related services, consumers have come to recognize and identify Plaintiff's MONELLO® mark with Plaintiff and its restaurant. This, in turn, has established extensive goodwill in Plaintiff's MONELLO® mark.

15. Plaintiff considers its MONELLO® mark to be one of its most valuable assets.

*Defendants and Their Unauthorized Activities*

16. On information and belief, Defendants own, supervise, operate and/or manage an Italian restaurant in Minneapolis, Minnesota that operates under the trade name and mark MONELLO. Defendants' MONELLO restaurant features Italian cuisine as well as vermouth cocktails.

17. On information and belief, Defendants began using the trade name and mark MONELLO at least as early as June 2, 2015, which is when Defendants' MONELLO restaurant first opened to the public.

18. Defendants have used and are using the MONELLO mark in connection with restaurant services.

19. On information and belief, Defendants have been using the trade name and mark MONELLO continuously since at least at least as early as June 2, 2015.

20. Plaintiff has not authorized Defendants to use Plaintiff's federally registered MONELLO® mark or any mark that is confusingly similar thereto.

21. On August 10, 2015, Plaintiff's outside counsel sent a cease and desist letter to Defendant Jester Concepts. Plaintiff informed Defendant of Plaintiff's rights in the MONELLO® mark and requested that Defendant Jester Concepts cease all use of the MONELLO® mark in conjunction with Defendant Jester Concepts' restaurant services. Attached hereto as <u>Exhibit B</u> is a true and correct copy of Plaintiff's August 10, 2015 letter.

22. In follow-up correspondence and conversations between Plaintiff's outside counsel and counsel for Defendants, Defendants assured Plaintiff that Defendants wanted an amicable resolution of the matter. To this end, Defendants indicated that they would no longer

use Plaintiff's MONELLO® mark and instead would transition to a new mark that did not include or refer to MONELLO®.

23. In an email dated October 14, 2015, Plaintiff's counsel sent counsel for Defendants an email confirming the terms of the parties' agreement.

24. In an email dated October 22, 2015, Defendants' counsel responded: "We have confirmation from our client agreeing to the [October 14, 2015] terms below." Defendants' agreement to those terms was further confirmed in a voice mail from Defendants' counsel to Plaintiff's counsel on November 5, 2015.

25. In a letter dated November 12, 2015, Defendants indicated that they no longer intended to cease use of Plaintiff's MONELLO® mark, or that they would transition to a new mark that did not include or refer to MONELLO®, pursuant to the parties' agreement. Attached hereto as Exhibit C is a true and correct copy of Defendants' November 12, 2015 letter.

26. To this day, Defendants are continuing to use Plaintiff's MONELLO® mark without authorization in connection with restaurant services.

27. On information and belief, Defendants do not intend to cease their unauthorized use of Plaintiff's MONELLO® mark, and/or any confusingly similar variations thereof, unless required to do so by this Court.

28. Defendants' actions as alleged herein have created a likelihood of injury to Plaintiff's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of, origin or relationship of Plaintiff's and Defendants' services, and has caused actual confusion.

29. Defendants have otherwise competed unfairly with Plaintiff by unlawfully trading on and using Plaintiff's MONELLO® mark without Plaintiff's permission or consent.

30. At no time did Plaintiff ever give Defendants license, permission or authority to use or display Plaintiff's MONELLO® mark in connection with Plaintiff's restaurant and related services.

# FIRST CAUSE OF ACTION

## Trademark Infringement Under the Lanham Act and Common Law

### (Alleged Against All Defendants)

31. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

32. Defendants have used in commerce, without Plaintiff's consent, a mark that so resembles Plaintiff's mark that it is likely to cause confusion with respect to the source and origin of Defendants' products and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants and/or the marketing or sale of their services and/or products.

33. Defendants' acts constitute an infringement of Plaintiff's MONELLO® mark, in violation of the Lanham Act, 15 U.S.C. § 1114, and the common law.

34. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use a mark that is confusingly similar to Plaintiff's MONELLO® mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

35. Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of trademark infringement.

36. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

37. At least as early as the receipt of the August 10, 2015 letter from Plaintiff's counsel, Defendants have been on express notice of Plaintiff's rights in its MONELLO® mark. Despite such express notice, Defendants have continued to use Plaintiff's MONELLO® mark without authorization.

38. On information and belief, Defendants' actions as alleged herein were willful and intentional. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### False Designation of Origin Under the Lanham Act

### (Alleged Against All Defendants)

39. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

40. Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

41. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use a mark that is confusingly similar to Plaintiff's MONELLO® mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

42. Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' unlawful acts.

43. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently

unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

44. At least as early as the receipt of the August 10, 2015 letter from Plaintiff's counsel, Defendants have been on express notice of Plaintiff's MONELLO® mark. Despite such express notice, Defendants have continued to use Plaintiff's MONELLO® mark without authorization.

45. On information and belief, Defendants' actions as alleged herein were willful and intentional. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### Breach of Contract

### (Alleged Against All Defendants)

46. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

47. Plaintiff and Defendants entered into an agreement whereby Defendants agreed that they would no longer use Plaintiff's MONELLO® mark and that they would transition to a new mark that did not include or refer to MONELLO®.

48. Plaintiff is in substantial compliance with all of its obligations under the agreement.

49. Defendants have indicated that they no longer intend to cease use of Plaintiff's MONELLO® mark, or transition to a new mark that did not include or refer to MONELLO®, in breach of the parties' agreement.

50. As a result of Defendants' breaches of the agreement, Plaintiff has suffered and will continue to suffer damages in an amount to be determined.

## FOURTH CAUSE OF ACTION

### Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law

### (Alleged Against All Defendants)

51. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

52. Defendants' actions as alleged herein constitute unlawful and/or unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law.

53. Defendants' actions as alleged herein have caused a likelihood of confusion among the consumers and the public, injured Plaintiff's business reputation, and have allowed Defendants to compete unfairly.

54. Defendants are using a mark that is identical to Plaintiff's MONELLO® mark.

55. Defendants' actions as alleged herein constitute unlawful, unfair, malicious, or fraudulent business practices, which have injured and damaged Plaintiff.

56. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use a mark that is confusingly similar to Plaintiff's MONELLO® mark, and to deceptively and unfairly market, advertise and promote its business. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

### (Alleged Against All Defendants)

57. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

58. Defendants' actions as alleged herein constitute unjust enrichment as Defendants

are benefitting from the valuable goodwill of Plaintiff's MONELLO® mark at Plaintiff's expense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. That the Court render a final judgment in favor of Plaintiff and against Defendants on all claims alleged herein;

2. That Defendants be adjudged to have infringed Plaintiff's rights in and to its federally registered and common law MONELLO® mark;

3. That the Court render a final judgment declaring that Defendants have willfully violated the provisions of 15 U.S.C. §§ 1114 and 1125(a);

4. That Defendants be ordered to pay Plaintiff all damages Plaintiff has sustained by virtue of Defendants' actions as alleged herein;

5. That, because of the exceptional nature of this case resulting from Defendants' actions, that the Court award Plaintiff treble damages and its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

6. That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by applicable law;

7. That Defendants and their agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with them, be preliminarily and permanently enjoined from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's MONELLO® mark, or any confusingly similar trademark, in any way, including in advertising, promoting, or selling Defendants' services;

8. That Defendants be ordered to provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For such other and further relief as the Court may deem just and equitable.

Dated: November 24, 2015          HOLLEY & MENKER, P.A.


                                  By: /s/Ryan S. Hilbert_____
                                  Ryan S. Hilbert
                                  *Attorneys for Plaintiff*
                                  SOLO GROUP MANAGEMENT, INC.
                                  DBA MONELLO

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable by jury.

Dated: November 24, 2015          HOLLEY & MENKER, P.A.


                                  By: /s/Ryan S. Hilbert_____
                                  Ryan S. Hilbert
                                  *Attorneys for Plaintiff*
                                  SOLO GROUP MANAGEMENT, INC.
                                  DBA MONELLO